

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2009

# USA v. Cosme Francisco

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1379

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Cosme Francisco" (2009). *2009 Decisions.* Paper 798.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/798

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1379

UNITED STATES OF AMERICA

v.

COSME FRANCISCO,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal Action No. 00-cr-00255)
District Judge:  Honorable Joel H. Slomsky

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2009

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges

(Opinion filed: August 19, 2009)

OPINION

PER CURIAM

Cosme Francisco, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Eastern District of Pennsylvania denying his motion

to obtain the docket sheet, plea agreement, plea colloquy, and sentencing transcript from

his criminal proceeding without prepayment of fees or costs. We will affirm.

In 2000, Francisco pleaded guilty in District Court to one count of conspiracy to distribute heroin and one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. Francisco left the courthouse in 2001 while awaiting sentencing and remained a fugitive until 2008, when he was arrested in New York. In June 2008, the District Court imposed a sentence of 90 months in prison. Francisco did not file a direct appeal. The documents related to Francisco's criminal proceedings were filed under seal.

In January 2009, seven months after he was sentenced, Francisco filed a motion to obtain the docket sheet, plea agreement, plea colloquy, and sentencing transcript in his criminal proceeding without prepayment of fees or costs. He stated that he needed the documents to file a notice of appeal. The District Court denied Francisco's motion, and this appeal followed.

To the extent Francisco appeals the District Court's denial of his request for the docket sheet and the plea agreement, the Government has provided these documents to Francisco through the service of its supplemental appendix in this appeal. Thus, any issue with respect to these documents is moot.

The Government states that it does not have the requested transcripts of the plea and sentencing hearings as it never ordered and paid for these documents. The Government argues that the District Court did not err in denying Francisco's request for these documents at the public's expense because he had no appeal or collateral petition

2

pending. We agree. While Francisco correctly states that an indigent defendant is entitled to a free trial transcript on appeal, United States v. Brentley, 961 F.2d 425, 426 (3d Cir. 1992), Francisco did not file a direct appeal and the time to do so has expired.

The District Court may order that transcripts be provided in proceedings brought pursuant to 28 U.S.C. § 2255 to persons permitted to sue or appeal in forma pauperis, but the District Court must certify that the motion is not frivolous and that the transcript is needed to decide the issue presented. 28 U.S.C. § 753(f). Francisco did not file a § 2255 motion with his transcript request. Thus, the District Court did not err in denying Francisco's motion for transcripts. Cf. United States v. MacCollom, 426 U.S. 317, 324-25 (1976) (holding that the statutory conditions of § 753(f) for furnishing a free transcript in § 2255 proceedings are consistent with due process and equal protection).

Accordingly, we will affirm the order of the District Court.[1] The Government's motion to file its supplemental appendix under seal is granted.

---

[1]To the extent Francisco seeks to raise an ineffective assistance of counsel claim in his brief, Francisco did not raise such a claim in District Court and the claim is not properly before us.

3